# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BASF CORPORATION | CIVIL ACTION |
| VERSUS | No. 19-175 |
| WRENS, INC. | SECTION I |

### ORDER & REASONS

Before the Court is plaintiff BASF Corporation's ("BASF") motion[1] for entry of a default judgment against defendant Wrens, Inc. ("Wrens"). BASF requests that the Court enter a judgment in its favor and award damages in the amount of $418,879.31.[2] BASF also requests costs—namely, reimbursement for the $400 filing fee and a $135 expense it incurred to complete service of process.[3] For the following reasons, the motion is granted in part.

### I.

Accepting the facts in BASF's complaint as true, they are as follows: BASF is in the business of selling after-market products related to refinishing automobiles.[4] BASF resells its products to distributors, who in turn sell them to automotive body shops, such as Wrens.[5] On or about December 13, 2013, BASF and Wrens entered into a requirements agreement (the "contract"), under which Wrens was obligated to

---

[1] R. Doc. No. 13.
[2] *See* R. Doc. No. 13-3, at 6.
[3] *Id.*
[4] R. Doc. No. 1, at 2.
[5] *Id.*

purchase one-hundred percent of its required refinishing products from an authorized BASF distributor.[6] In accordance with the requirements contract, BASF's claims are governed by New Jersey laws.[7]

The contract included several other terms. It specified a minimum purchase requirement of $635,000 in the aggregate at "suggested refinish pricing" (the "minimum requirement").[8] It also required BASF to pay Wrens $50.000 in consideration.[9] However, Wrens agreed to assume liability for $7,800 in unearned consideration that it had previously received from BASF pursuant to a prior agreement.[10] The contract provided that, if the agreement was terminated for any reason before Wrens had purchased the minimum requirement, Wrens was obligated to refund one-hundred percent of what BASF calls "the full Contract Fulfillment Consideration," which includes the $50,000 in consideration as well as the $7,800 in previous consideration.[11]

In or around August 2017, without any justification, Wrens breached and ultimately terminated the contract by, among other things, entering into an agreement with one of BASF's competitors and failing to purchase one-hundred percent of its required refinishing products from BASF.[12] Since then, Wrens has refused to purchase any other BASF refinishing products in further violation of the

---

[6] *See id.* at 3; R. Doc. No. 1-1, at 2 (Exhibit A, Requirements Agreement)
[7] R. Doc. No. 1, at 2; R. Doc. No. 1-1, at 3.
[8] R. Doc. No. 1, at 3; R. Doc. No. 1-1, at 2.
[9] R. Doc. No. 1, at 3; R. Doc. No. 1-1, at 2.
[10] R. Doc. No. 1, at 3; R. Doc. No. 1-1, at 2–3.
[11] R. Doc. No. 1, at 3; R. Doc. No. 1-1, at 3.
[12] R. Doc. No. 1, at 3–4.

contract.[13] The breaches occurred before Wrens had purchased the minimum requirement.[14]

In October 2018, BASF notified Wrens that it was in default of its contractual obligations; BASF also demanded payment of the full consideration amount—$57,800.[15] To date, Wrens has failed and refused to refund the $57,800 of consideration.[16] Additionally, a purchase balance of at least $361,079.31 remains due under the terms of the contract.[17] BASF has fulfilled all of its obligations under the contract.[18]

On January 10, 2019, BASF filed the present lawsuit against Wrens, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and declaratory relief.[19] BASF now moves the Court to enter a default judgment for damages against Wrens. R. Doc. No. 1, at 3–4.

## II.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff

---

[13] *Id.* at 4.
[14] *Id.*
[15] *Id.*; R. Doc. No. 1-2, at 2 (October 12, 2018 letter from BASF's assistant general counsel to Sauraj Ranshi, who BASF identifies as Wrens's president, director, and registered agent, R. Doc. No. 1, at 1).
[16] R. Doc. No. 1, at 4; *see also* R. Doc. No. 13-3, at 3.
[17] R. Doc. No. 1, at 4; *see also* R. Doc. No. 13-3, at 3.
[18] R. Doc. No. 1, at 4.
[19] *Id.* at 5–8.

3

who seeks a default judgment against an unresponsive defendant must proceed with a two-step process.

First, the plaintiff must petition the clerk for an entry of default, which is simply "the placement of a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of a judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R.

4

Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

Courts are entitled to consider many factors when determining whether to enter a default judgment including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

**III.**

Wrens was served on January 22, 2019, and its responsive pleadings were due February 12, 2019.[20] To date, Wrens has not filed a responsive pleading or made an appearance in the case. On March 14, 2019, the Clerk of Court entered a default against Wrens for its failure to plead or otherwise defend itself,[21] and on April 25, 2019, the plaintiffs moved for a default judgment. The Court must determine whether, accepting the well-pleaded factual allegations in BASF's complaint as true,

---

[20] *See* R. Doc. No. 6. A process server personally served Rajinder Ranshi. *Id.* at 2. According to the Louisiana Secretary of State's website, Rajinder Ranshi is Wrens's registered agent. WRENS, INC., SEARCH FOR LOUISIANA BUSINESS FILINGS, LOUISIANA SECRETARY OF STATE (last report filed Sept. 14, 2018).
[21] R. Doc. No. 10.

it is entitled to a judgment against Wrens for the amount specified in its motion, in addition to costs.

Although BASF provided summary judgment-type evidence in support of its claims, it did not brief the legal specifics of such claims. Accordingly, the Court ordered BASF to submit a brief addressing which claims it was seeking judgment for, identifying which state's laws apply to such claims, outlining the elements of each claim under the laws of the relevant state, and explaining how the complaint's factual allegations satisfy the essential elements of each claim.[22] BASF filed a supplemental brief clarifying that it requests judgment on its breach of contract claim or, alternatively, on its unjust enrichment claim.[23] Upon review of the motion, the brief, and the accompanying evidence, the Court is satisfied that BASF is entitled to a default judgment against Wrens for breach of contract.[24]

With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, No. 98-10151, 1998 WL 723820, at *1 (5th Cir. 1998). In support of its motion, BASF submitted a declaration from James Cowell, a BASF regional business manager for its automotive refinish coatings business, which

---

[22] R. Doc. No. 15.
[23] R. Doc. No. 17, at 1.
[24] Under New Jersey law, to establish a breach of contract claim, a plaintiff must prove that the parties entered into a contract with specific terms, that the plaintiff did what the contract required him to do, that the defendant did not do what the contract required it to do, and that the defendant's breach caused the plaintiff a loss. *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (N.J. 2016).

6

establishes the basis for BASF's demands.[25] Additionally, attached to the complaint and the motion are copes of the contract.

The Court concludes that the amount demanded constitutes a sum certain in that it is the balance owed on one contract entered into between BASF and Wrens. *See Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note"). Furthermore, the Court finds that BASF has submitted sufficient evidence to support its demand for damages without the need for an evidentiary hearing.

With respect to costs, a prevailing party in a civil action is entitled to recover its costs unless a federal statute, the Federal Rules of Civil Procedure, or a court order provide otherwise. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, courts may award a variety of costs, including filing fees. *See* § 1920(1). However, those costs related to the use of a private process server are not listed in § 1920. "[A]bsent exceptional circumstances, the costs of a private process server [are] not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)); *see also Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017). BASF has not argued or demonstrated that exceptional

---

[25] *See* R. Doc. No. 13-2 (declaration of James Cowell).

circumstances exist; thus, its service of process fees are unrecoverable, and the court will only award $400 in costs.

IV.

After considering BASF's motion and accompanying attachments, as well as the complaint, its attachments, and the applicable law, the Court finds that there are no factors that weigh against entering a default judgment against Wrens. There are no material facts at issue, the Court has not been apprised of any good faith mistake or substantial prejudice to Wrens, and the grounds for default are clearly established.

Accordingly,

**IT IS ORDERED** that the motion for a default judgment is **GRANTED** and that judgment shall be entered in favor of BASF Corporation and against Wrens, Inc. in the amount of $418,879.31 in damages and $400.00 in costs.

New Orleans, Louisiana, May 6, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**